DANIEL J. POLLOCK, APPELLANT, v. PHILIP PEARSON ET AL.,
APPELLEES.

FILED MAY 19, 1917.  No. 19454.

**Trial:** DIRECTION OF VERDICT. It is the duty of the trial court to in-
struct the jury to find for defendant when the evidence is not
sufficient to sustain a verdict for the plaintiff.

APPEAL from the district court for Scott's Bluff county:
RALPH W. HOBART, JUDGE. *Affirmed.*

*L. L. Raymond,* for appellant.

*Wright & Mothersead, contra.*

MORRISSEY, C. J.

Plaintiff agreed with defendant, a piano salesman, for
the purchase of a piano of a specified make for $340, and
executed his promissory note for that amount, the note
being payable to defendant. Defendant agreed to have
the piano shipped from the factory to plaintiff's home at
Scott's Bluff, where plaintiff should have the right to in-
spect the instrument, and, if it was found to be satisfac-
tory, the note, which by agreement between the parties
had been deposited in the hands of a third party, was to be
delivered to defendant. Defendant ordered the piano
shipped to plaintiff, but had the bill of lading sent to
himself. Before the piano reached Scott's Bluff, defend-
ant concluded that the note might be uncollectible, and
notified the railroad company that the piano should not
be delivered to plaintiff. Plaintiff then brought this ac-
tion in replevin against defendant Pearson, the railroad
company, and its agent, alleging ownership and right to
immediate possession. On the trial it was stipulated that
neither the railroad company nor its agent had any in-
terest in the litigation, and the trial proceeded against de-
fendant Pearson. At the conclusion of the testimony
the court instructed a verdict for the defendant, and plain-
tiff appeals.

There is little, if any, dispute in the evidence so far as the material issues are concerned.  If the. verdict returned is the only one which the evidence would sustain, there can be no error in the direction of the court.  And in this respect it is necessary to consider only the testimony of plaintiff.  His statement of the agreement is substantially as heretofore detailed.  He says it was agreed that the note should be held by a third party, one Telander, until such time as plaintiff inspected the piano and notified Telander to turn the note over to defendant.  This shows that the parties had merely entered into an executory contract, which defendant might rescind before delivery, and thus prevent the title passing.  Whatever plaintiff's right might be to recover for breach of the contract, the title to the property had not passed.

The verdict returned is the only one that could be sustained by the evidence, and the court did not err in directing a verdict.

AFFIRMED.